NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4035
_____

UNITED STATES OF AMERICA

v.

LAURENCE T. MCKINNEY, MD,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of  Pennsylvania
District Court  No. 2-09-cr-00234-001
District Judge: The Honorable Michael M. Baylson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 14, 2011

Before: SLOVITER, SMITH, and NYGAARD, *Circuit Judges*

(Filed: September 22, 2011)
_____

OPINION
_____

SMITH, *Circuit Judge.*

Laurence T. McKinney, M.D., appeals from his conviction by a jury on

numerous counts of a forty-nine count indictment charging him with violations of

the Controlled Substances Act. The jury found McKinney guilty of multiple counts of distributing Percocet, a Schedule II controlled substance, and Xanax, a Schedule IV controlled substance, outside the usual course of professional practice and not for a legitimate medical purpose in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In addition, the jury found McKinney guilty of maintaining a place for the illegal distribution of controlled substances in violation of 21 U.S.C. § 856. The United States District Court for the Eastern District of Pennsylvania sentenced McKinney to 87 months on the counts alleging the unlawful distribution of the Schedule II opiate and the unlawful maintenance of a place to distribute controlled substances. The Court imposed a sentence of 36 months on the remaining counts of unlawful distribution of the Schedule IV controlled substance, to be served concurrently. This timely appeal followed.[1]

McKinney contends that his conviction should be set aside for several reasons. First, he asserts that the District Court's jury instructions were prejudicial because they blurred the difference between the civil malpractice standard for prescribing medication and the proof necessary for a criminal conviction for illegally distributing controlled substances. Second, McKinney argues that the District Court erred by allowing the prosecution to admit into evidence a chart that

---

[1]  The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise final order jurisdiction under 28 U.S.C. § 1291.

2

summarized data reported to the Commonwealth of Pennsylvania regarding the number of prescriptions written for Schedule II controlled substances. Finally, McKinney argues that his conviction should be set aside because the prosecution failed to disclose two police reports in contravention of the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963).

We conduct plenary review in deciding whether the charge to the jury stated the proper legal standard. *United States v. Coyle*, 63 F.3d 1239, 1245 (3d Cir. 1995). In reviewing a District Court's jury instructions, we consider the charge as a whole. *United States v. Zehrbach*, 47 F.3d 1252, 1264 (3d Cir. 1995) (en banc). Because McKinney did not object to the jury instructions, reversal is warranted only in the event there is plain error. *United States v. Olano*, 507 U.S. 725, 732-33 (1993).

The authority cited by McKinney demonstrates that the charge could have been more comprehensive. Nonetheless, we conclude that the charge to the jury, as a whole, set forth the proper standard.

McKinney contends that the District Court also erred by allowing the prosecution to admit the chart summarizing the contents of the Schedule II/BD-6 Reports. We review a District Court's evidentiary rulings for an abuse of discretion. *United States v. Amirnazmi*, 645 F.3d 564, 594 n.40 (3d Cir. 2011). We find no abuse as the chart was admissible under Federal Rule of Evidence

1006.  *See United States v. Velasquez*, 304 F.3d 237, 240 (3d Cir. 2002).  In light of the District Court's limiting instruction regarding the purpose of this chart, we reject McKinney's contention that the chart was unduly prejudicial under Federal Rule of Evidence 403.

McKinney's final argument is that the prosecution committed a *Brady* violation by failing to provide him with two reports by police who responded to two incidents at McKinney's office concerning prescriptions.  Because a *Brady* claim "presents questions of law as well as questions of fact," we conduct plenary review of the legal conclusions and clear error review of any factual findings. *United States v. Pelullo*, 399 F.3d 197, 202 (3d Cir. 2005).  Because the two police reports that were not disclosed were neither material nor exculpatory, we conclude that the prosecution did not commit a *Brady* violation.

For the above reasons, we will affirm the judgment of the District Court.

4